**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MATTHEW E. SHORE,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **SETH PFAFF, et al.,** <br><br> **Defendants.** | **Case No. 25-CV-413-RAW** |

**OPINION AND ORDER**

Plaintiff Matthew E. Shore ("Shore"), appearing *pro se*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. Before the court is Defendants Seth Pfaff, Michael Miller, Joshua Johnson and Henry Underwood's Motion to Dismiss ("Motion"). Dkt. 25. Shore did not file a response. After careful review, the Court finds that the Motion should be denied.

**BACKGROUND**

Shore is currently incarcerated at the Howard McCleod Correctional Center. Shore filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations which occurred while he was incarcerated at Allen Gamble Correctional Center ("AGCC"). *See* Dkt. 1. Shore presents the following claims:

1. Cruel and unusual punishment due to the defendants taking no action to prevent Shore from being attacked.

2. Excessive force, cruel and unusual punishment and violation of his First Amendment right to access the courts based on Defendant Pfaff punching Shore in the throat and threatening to kill Shore.

3. First Amendment retaliation against Defendants Pfaff due to Shore's use of the grievance process and a failure to protect claim against Defendant Johnson.

4. Failure to train against Defendant Miller.

*See* Dkt. 1.[1]

Defendants Pfaff, Johnson, Underwood and Miller responded to the Complaint with the filing of a Special Report (Dkt. 24) and the above-mentioned Motion (Dkt. 25). The Defendants moved to dismiss Shore's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing: i) Shore failed to properly exhaust his administrative remedies; and ii) the Defendants are entitled to qualified immunity. *See* Dkt. 25. Shore did not respond to the Motion.

## ANALYSIS

### I. Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc*., 104 F.3d 1215, 1224 (10th Cir. 1997)). When determining whether to grant a motion to dismiss, the district court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chaves,* 55 F.3d 488, 494 (10th Cir. 1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201 (internal quotations and citations omitted).

[1] Shore does not allege he is suing any of the Defendants in their official capacities or provide any allegations from which the Court could liberally construe an official-capacity claim. *See* Dkt. 1 at 3-4; *see also* Dkt. 1, *generally*. Therefore, the court construes Shore's Complaint as suing the named Defendants in their individual capacities only.

A request for dismissal pursuant to Rule 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

Finally, "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotations and citations omitted). "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178. Accordingly, the court will review the sufficiency of Shore's Complaint despite his lack of response.

## II. The Special Report

Defendants lead with the contention that Shore failed to properly exhaust his administrative remedies to pursue the instant claims, and the Defendants rely upon their Special Report. *See*

Dkts. 24 and 25. Critically, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that courts may consider a *Martinez* Report[2] in dismissing a claim for frivolity, *Hall*, 935 F.2d at 1108-09, but typically not for determining the sufficiency of the complaint under Rule 12(b)(6), *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010).[3] *See Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *4 (10th Cir. May 1, 2026) (unpublished).[4] "[U]nless the court uses a *Martinez* Report to determine whether a complaint is frivolous, it may consider the Report only to determine whether to enter summary judgment." *Id.*; *see Reed v. Dunham*, 893 F.2d 285, 287 n.2 (10th Cir. 1990) (explaining that a requested disposition of a claim premised upon materials contained in a *Martinez* Report "should be treated as a motion for summary judgment, with due regard for the requirements of notice and opportunity to respond specified in Fed. R. C[iv]. P. 56"); *see also Gee*, 627 F.3d at 1186 (citing cases).

Here, Defendants rely on the Special Report to support their contentions that Shore did not exhaust administrative remedies. *See e.g.,* Dkt. 25 at 3-7 (arguing Shore did not exhaust his claims and citing to the Special Report). Such reliance on the Special Report under Rule 12(b)(6) is improper. The court cannot resolve Defendants' exhaustion argument and other contentions without reviewing the Special Report and its attachments. "Generally, the sufficiency of a

---

[2] A Special Report or a "*Martinez* Report is an investigative report meant to enable the trial court to decide … jurisdictional issues and make a determination of frivolity by helping the court determine which facts alleged in the complaint are relevant, accurate, and subject to bona fide dispute." *Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *1 (10th Cir. May 1, 2026) (internal quotations and citations omitted).

[3] While there are limited exceptions to the general rule that "the sufficiency of a complaint must rest on its contents alone," the contents of *Martinez* Reports typically do not fall within these exceptions. *Gee,* 627 F.3d at 1186 ("*Martinez* reports are not within the exception unless 'the plaintiff challenges [the constitutionality of] a prison's policies or established procedures and the *Martinez* report's description of the polices or procedures remains undisputed after plaintiff has an opportunity to respond.'" (quoting *Hall*, 935 F.2d at 1112)).

[4] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

complaint must rest on its contents alone." *Gee,* 627 F.3d at 1186. Accordingly, the court declines the Defendants' invitation to weigh potential evidence at the Rule 12(b)(6) juncture.

Nor have the Defendants filed, in the alternative, a motion for summary judgment. *See Jones v. Cannon*, 589 F. App'x 849, 854 (10th Cir. 2014) (finding "nothing improper about the form" of a motion that sought relief under Rule 12(b)(6) for failure to state a claim or, in the alternative, under Rule 56 for failure to exhaust administrative remedies). Therefore, the court declines to convert the Defendants' Motion to a summary judgment motion for them. In all, the court will not consider the Special Report in its analysis of the Defendants' Motion and the sufficiency of Shore's Complaint.

## III. Defendants' Exhaustion Argument

As it relates to Shore's claims, Defendants argue that Shore "failed to complete the grievance appeal process regarding any of the issues before the Court." Dkt. 25 at 6 (citing to Dkt. 24-3). Therefore, Shore "is not entitled to relief on any claim asserted in this matter as he failed to exhaust administrative remedies." Dkt. 25 at 7. Defendants contend, "[t]his action should therefore be dismissed in its entirety." *Id.*

"[F]ailure to exhaust is an affirmative defense under the [Prison Litigation Reform Act ("PLRA")], and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Revilla v. Glanz*, 8 F. Supp. 3d 1336, 1345 (N.D. Okla. 2014) ("[D]ismissal is not appropriate for a failure to plead such exhaustion."). "The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore

cannot usually be made on pleadings without proof." *Culp v. Williams*, No. 10–CV–886–CMA, 2011 WL 1597953, at *2 (D. Colo. Apr. 6, 2011) (unpublished) (citations omitted).

As noted above, the court will not consider the Special Report at the 12(b)(6) stage. Therefore, the court cannot resolve Defendants' exhaustion argument at this time. Furthermore, Defendants fail to engage in any meaningful analysis concerning Shore's allegations and the necessary elements of each claim. For these reasons, the court denies Defendants' Motion.

Nevertheless, pursuant to the court's § 1915A[5] obligations, the court will address whether Shore states any claim for relief in his Complaint.

## IV. Claim 1

As an initial matter, the Court dismisses Shore's Claim 1. Within Claim 1, Shore alleges, "all defendants were aware that multiple kites were turned in which detailed that me and my celly Chris Barnett were in danger. Staff took no measures to prevent the attack warned of and I was attacked on 11-5-25 at 5pm. I was attacked because I am gay and Chris turned in a grievance against Seth Pfaff." Dkt. 1 at 5.

"In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Shore must "identify *specific* actions taken by *particular* defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)). Here, Claim 1 is devoid of allegations referencing any specific action taken by any named defendant with respect to the alleged attack.

[5] Because Shore seeks redress from employees of a governmental entity (Dkt. 1), this court has an obligation to dismiss this action "as soon as practicable after docketing" if the complaint, or any portion thereof, is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

*See* Dkt. 1. For these reasons, pursuant to 28 U.S.C. § 1915A(b)(1), Shore's Claim 1 shall be dismissed.

**V. Defendant Underwood**

To the extent Shore intended to assert any claim against Defendant Underwood, based upon personal liability, Shore has not shown that Defendant Underwood personally participated in any alleged constitutional violation. *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (internal quotation and citation omitted)); *see also* Dkt. 1. Beyond naming Underwood as a Defendant in the caption (Dkt. 1 at 1), Shore did not reference Defendant Underwood again in his Complaint. *See id.* at 2-8.

For these reasons, Shore does not state any claim against Defendant Underwood, in his individual capacity, and, pursuant to 28 U.S.C. § 1915A(b)(1), any claims against Defendant Underwood shall be dismissed for failure to state a claim upon which relief may be granted.

**VI. Defendant Pfaff**

Next, Shore alleges Defendant Pfaff "punched me in the throat" and threatened to kill Shore and his cellmate "if we told anyone or filed another grievance." Dkt. 1 at 5. Shore alleges, as to Claim 2, he is asserting claims of excessive force, cruel and unusual punishment, and violation of his First Amendment right to access the courts against Pfaff. *Id.* Further, Shore alleges a First Amendment retaliation claim against Pfaff as to Claim 3. *Id.* at 6.

The court begins with the excessive force claim. "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Smith v.*

*Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation marks and brackets omitted). "The subjective element of an excessive force claim turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (internal quotation marks omitted). An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). As the *Hudson* Court made clear, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (internal quotation marks omitted). Thus, even if a use of force is deemed unnecessary after the fact, if it was both de minimus and "not of a sort repugnant to the conscience of mankind," it will not sustain an excessive-force claim. *Id.* at 10 (internal quotation marks omitted). As to the objective prong, a plaintiff is not required to show a "significant injury[.]" *Graham v. Sheriff of Logan Cnty.*, 741 F.3d 1118, 1123 (10th Cir. 2013). Instead, the inquiry centers on the "nature of the force" used. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). Although the extent of the injury suffered may be instructive in determining the amount of force used, a minor injury can still support an Eighth Amendment claim if the force used was "nontrivial and was applied maliciously and sadistically to cause harm." *Id.*

Here, liberally construing the Complaint, Shore has sufficiently alleged the subjective prong. He alleges Pfaff assaulted him seemingly without a proper basis for doing so. Shore also sufficiently alleges Pfaff's conduct was objectively harmful enough to establish a constitutional violation. A punch to the throat purportedly for filing a grievance could be categorized as "repugnant to the conscience of mankind," satisfying the objective prong. *Hudson*, 503 U.S. at 10. Therefore, the court concludes Shore's claim for excessive force against Pfaff may proceed.[6]

[6] To the extent Shore intends to assert a separate claim against Pfaff premised upon cruel and

Next, the court considers access to the courts claim. Shore alleges Pfaff violated his First Amendment right of "access to courts." Dkt. 1 at 5. An inmate alleging a violation of the constitutional right of access to the courts "must show actual injury" by demonstrating that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (*per curiam*) (interpreting *Lewis*). Here, Shore does not provide any factual details articulating how he was denied access to the courts or suffered an actual injury. Nor does he allege how Pfaff personally participated in any conduct which thwarted Shore's access to the court. *Trujillo*, 465 F.3d at 1227. For these reasons, Shore's First Amendment access to the courts claim against Pfaff is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Lastly, the court considers Shore's retaliation claim against Pfaff. Dkt. 1 at 6. Shore alleges:

> My celly Chris and I filed a grievance about Pfaff threatening us and bringing drugs into the prison to the Mexicans and accepting cash apps to do so. Pfaff got a copy of the grievance from DW Johnson and told gang members to take us out. We tried to access the courts and report corruption and DW Johnson did not protect us, he exposed us and allowed us to be attacked and harmed.

*Id.* Shore alleges he was attacked on November 5, 2025 attack. *Id.* at 5.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . . [A]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1263–64 (10th Cir. 2006) (italics in original) (quoting *Peterson v. Shanks*,

unusual punishment, the court finds this claim is redundant of the excessive force claim and dismisses the same. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment").

149 F.3d 1140, 1144 (10th Cir. 1998)). To prove Pfaff's liability for retaliation, Shore is required to show:

> [He] engaged in a constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). But "'[a] plaintiff's subjective beliefs about why the [defendant] took action, without facts to back up those beliefs, are not sufficient' to establish retaliatory motive." *Rhodes v. Shannon*, No. 23-8026, 2024 WL 79964, at *3 (10th Cir. 2024) (unpublished) (quoting *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009)); *see also Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice.").

Here, Shore alleges he engaged in a constitutionally protected activity when he filed a grievance. *See Gee*, 627 F.3d at 1189 (filing prisoner grievances is "constitutionally protected activity"). Second, the court finds, at this stage of the litigation and construing Shore's allegations in his favor, "being beaten by gang members at the behest of a prison staff member would indeed chill a person of ordinary firmness from continuing to file grievances[.]" *Rocha v. Zavaras*, Case No. 10-cv-357-CMA-MEH, 2011 WL 1158003, at *10 (D. Colo. Feb. 23, 2011) (unpublished), *R. & R. adopted*, 2011 WL 1154636 (D. Colo. Mar. 29, 2011); *see also Parks v. Taylor*, Case No. CIV-19-1137-D, 2021 WL 8155697, at *6 (W.D. Okla. Aug. 31, 2021) (unpublished), *R. & R. adopted*, 2022 WL 866417 (W.D. Okla. Mar. 23, 2022) (finding plaintiff stated a retaliation claim when he alleged an officer assaulted him as retaliation for filing grievances at the direction of two other defendants). Finally, Shore sufficiently alleges the November 5, 2025 attack was a result of filing a grievance against Pfaff. Dkt. 1 at 5 ("I was attacked because I … turned in a grievance

against Seth Pfaff."), 6 ("Pfaff got a copy of the grievance from DW Johnson and told gang members to take us out."). Thus, Shore adequately states a retaliation claim against Pfaff.

**VII. Defendant Johnson**

The court understands Shore's Claim 3 to also be asserting a failure to protect claim against Defendant Johnson. Shore alleges, "DW Johnson did not protect us, he exposed us and allowed us to be attacked and harmed." Dkt. 1 at 6. An Eighth Amendment claim for failure to protect is comprised of two elements. *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). First, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Second, the inmate must establish that the prison official has a sufficiently culpable state of mind, *i.e.,* that he or she is deliberately indifferent to the inmate's health or safety." *Riddle*, 83 F.3d at 1204 (internal quotations and citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (internal quotations and citations omitted).

Here, exercising liberal interpretation of Shore's allegations and construing the allegations in his favor, the court concludes Shore has stated a viable claim against Johnson. Shore alleges Johnson was aware of the threats being made against Shore by Pfaff and informed Pfaff of the grievance thereby allowing Shore to be attacked. *See* Dkt. 1 at 6. Shore sufficiently alleged a culpable state of mind and a condition which poses a substantial risk of serious harm.

## VIII. Defendant Miller

Finally, Shore asserts a "failure to train" claim against Defendant Miller. Dkt. 1 at 6. Shore alleges, "the prison had notice Chris and I were about to be harmed and attacked but allowed it to happen and took no action. The CO's said this attack was a warning and we had to go." *Id.*

The court liberally construes these allegations as being premised on a theory of supervisory liability. A supervising prison official may be liable under a theory of failure to train "[w]here there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Houston v. Reich*, 932 F.2d 883, 888 (10th Cir. 1991) (alteration in original) (citation omitted). However, "[i]t is not enough to allege 'general deficiencies' in a particular training program." *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) (citation omitted). Instead, a plaintiff "must identify a specific deficiency in the [entity's] training program closely related to his ultimate injury, and must prove that the deficiency in training actually caused his jailer to act with deliberate indifference to his safety." *Id.* at 839 (alterations in original) (citation omitted).

Shore does not identify a "specific deficiency" in any training attributable to Defendant Miller, nor does Shore provide facts supporting the element of causation. Therefore, Shore's claim against Defendant Miller shall be dismissed. *See Turner v. Schultz*, 130 F. Supp. 2d 1216, 1226–27 (D. Colo. 2001) (dismissing failure to train claims because plaintiff "does not reference or cite any deficiencies in officer training ... [and] [n]o link is pl[ed] between training and the alleged assaults"); 28 U.S.C. § 1915A(b)(1).

## IX. Qualified Immunity

The only claims to survive the court's § 1915A(b)(1) screening are Shore's retaliation and excessive force claims against Defendant Pfaff and failure to protect claim against Defendant

Johnson. Both Defendants contend they are entitled to qualified immunity. Dkt. 25 at 7-10. The Tenth Circuit provides the following guidance concerning a qualified immunity defense at the motion to dismiss stage:

> [T]o survive a motion to dismiss based on qualified immunity, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).
>
> But to trigger the plaintiff's two-part burden, a defendant must first "adequately present" the qualified-immunity defense. *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020); *see Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980) (holding that "the burden of pleading" a qualified-immunity defense "rests with the defendant"). And to adequately present the defense, the defendant must not only explicitly raise it, *see Montoya v. Vigil*, 898 F.3d 1056, 1063–64 (10th Cir. 2018), but must also plead the defense beyond a "perfunctory assertion," *Tillmon*, 817 F. App'x at 590. Accordingly, where a defendant makes only a bare assertion of qualified immunity, the plaintiff bears no burden to satisfy the ordinary two-prong test. *See id.*; *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) (holding that a defendant's "qualified-immunity argument was underdeveloped" where it "contain[ed] mostly general legal statements and empty platitudes").

*Berryman v. Niceta*, 143 F.4th 1134, 1140-41 (10th Cir. 2025). Here, all Defendants Pfaff and Johnson offer is, "Plaintiff can't meet his burden of establishing that Defendants' conduct was in any way unconstitutional or that the law was clearly established that Defendants' conduct was unconstitutional when Plaintiff failed to give anyone notice, via the prison grievance process or Prison Rape Elimination Act, of the alleged constitutional violations he was facing. Defendants are therefore entitled to qualified immunity." Dkt. 25 at 10. This argument falls short of adequately presenting a qualified immunity defense. Defendants Pfaff and Johnson have only made a bare assertion of qualified immunity rendering Shore without any obligation to satisfy the two-prong test at this juncture. For these reasons, the court concludes Defendants Pfaff and Johnson's qualified immunity defense is insufficient to defeat Shore's surviving claims at this juncture.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Seth Pfaff, Michael Miller, Joshua Johnson and Henry Underwood's Motion to Dismiss (Dkt. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915A(b)(1), Shore's cruel and unusual punishment Eighth Amendment claim (Claim 1), claims against Defendant Underwood, First Amendment access to courts claim against Defendant Pfaff, and failure to train claim against Defendant Miller are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Shore may proceed with his retaliation and excessive force claims against Defendant Pfaff and failure to protect claim against Defendant Johnson.

**IT IS FURTHER ORDERED** that Defendants Pfaff and Johnson shall file their answers to Shore's Complaint, as to the remaining claims, within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** the following party Defendants: Michael Miller and Henry Underwood.

**DATED** this 18th day of November, 2026.

Ronald A. White

HONORABLE RONALD A. WHITE
UNITED STATES SENIOR DISTRICT JUDGE